UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

DAVID JOSEPH LEFEBER and
CHRISTINE ANGELA LEFEBER,

            Debtors.

Case No. 05-28540

Chapter 13
_____

MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CONFIRMATION
_____

      The debtors filed for chapter 13 relief on May 19, 2005, and the trustee objected to confirmation of the debtors' amended chapter 13 plan. This court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This decision constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052. For the reasons stated below, the trustee's objection to confirmation is sustained.

BACKGROUND

      The debtors sold real property prepetition and are owed proceeds of $15,000. It is not clear whether the real estate sold was a homestead at the time, but the schedules show that the debtors now occupy homestead real estate, which they claimed under the federal exemptions. The debtors validly claimed an exemption in the funds from this prepetition sale, using the federal wild card exemption, as "proceeds receivable." It is not disclosed whether this "receivable" is a stream of income payments or a lump sum payment due at some time in the future.

      The debtors' amended chapter 13 plan proposes to contribute such portion of the $15,000 proceeds as become necessary to complete funding of the plan. The plan also provides for bi-

weekly payments of $280 for 45 months, deducted from the wife's salary. However, since the husband's self-employment income may be irregular, the debtors intend that the funds from the sale make up any shortfall in plan payments or living expenses. It is anticipated that the creditors with unsecured claims will receive payment on a pro rata basis from funds remaining after payment in full of secured and administrative claims, with no specified amount or percentage payment. Plan payments equate to all income remaining after deduction of expenses as set forth in Schedules I and J without any allowance for the sale proceeds.

The issue is whether all projected disposable income is being paid into the plan. If the claim of exemption removes the proceeds from projected disposable income, the plan can be confirmed. If the exempt funds from the prepetition sale of real estate are included in disposable income, confirmation must be denied.

ARGUMENTS

The trustee objected to the debtors' amended plan, arguing it failed to meet the requirements of 11 U.S.C. § 1325(b)(1)(B). The trustee argues the majority of cases find that income for purposes of the disposable income test should be determined without regard to whether the debtor has an exemption on the money received or the property that is producing the money received. *See In re Koch*, 109 F.3d 1285 (8th Cir. 1997); *In re Lush*, 213 B.R. 152 (Bankr. C.D. Ill. 1997). Furthermore, the trustee points out that exemptions are not included (or more accurately, excluded) in the definition of disposable income under § 1325(b)(2). *Cf. In re Freeman*, 86 F.3d 478 (6th Cir. 1996). As the code assures income sufficient to meet the basic needs of the debtors, the trustee contends it is not unfair to require all disposable income, exempt or otherwise, to fund the plan.

2

The debtors argue that because David's income fluctuates, the proposed conditional contribution of the exempt funds to the plan as necessary provides some assurance of plan feasibility. Regular plan payments plus annual contributions of one-half the debtors' income tax refunds are expected to be sufficient to fund the plan. The debtors further argue that they should not be *required* as a condition of confirmation to contribute all or any portion of the exempt funds. *See In re Burgie*, 239 B.R. 406 (B.A.P. 9th Cir. 1999); *In re Golek*, 308 B.R. 332 (Bankr. N.D. Ill. 2004); *In re Kerr*, 199 B.R. 370 (Bankr. N.D. Ill. 1996).

The debtors further argue that the proposed plan is sufficient in that it meets the requirements of 11 U.S.C. § 1325(a)(4), which provides that "the value, as of the effective date of the plan, of property to by distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7." The trustee's position would entitle chapter 13 debtors to fewer exemptions than chapter 7 debtors, which is not fair or necessary under the bankruptcy code.

DISCUSSION

Section 1325(b)(1) provides that if the trustee or the holder of an allowed secured claim objects to confirmation of the plan, the court may not approve the plan unless as of the effective date of the plan:

> (B) the plan provides that all of the debtor's projected disposable income to be received in the three year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1)(B). "Disposable income" is defined as

> income which is received by the debtor and which is not reasonably necessary to be expended – (A) for the maintenance or support of the debtor or a dependent of the debtor, including charitable contributions ...; and (B) if the debtor is engaged in business, for the

3

> payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b)(2).

The cases dealing with whether income that is exempt for some purposes can be excluded from the disposable income requirement under 11 U.S.C. § 1325(b)(1) cannot be easily harmonized, if at all. The debtors' position is grounded in the principles stated in *In re Burgie*, 239 B.R. 406 (B.A.P. 9th Cir. 1999). In that case, the debtors sold their exempt homestead after confirming the plan, and the trustee sought modification to include the proceeds in amounts available to creditors. The Bankruptcy Appellate Panel concluded that the liquidation of a prepetition asset, even into cash, did not give rise to "disposable income." The panel distinguished between a "stream of payments," which would be income, with proceeds, which would not be income. It likened the sale of an asset to a return of capital, and the creditors were not entitled to share in this sale. *See also In re Tomasso*, 98 B.R. 513 (Bankr. S.D. Cal. 1989) (nonexempt portion of postpetition personal injury settlement was income, and exempt portion was not).

Other cases, and this court, find such a distinction unpersuasive. Several types of income are exempt from recovery by creditors, but courts have had no trouble in finding these sources are within the definition of disposable income. *See In re Koch,* 109 F.3d 1285 (8th Cir. 1997) (personal injury recovery included in disposable income); *Watters v. McRoberts*, 167 B.R. 146 (Bankr. S.D. Ill. 1994) (same); *In re Schnabel*, 153 B.R. 809 (Bankr. N.D. Ill. 1993) (same); *see also In re Taylor,* 212 F.3d 395 (8th Cir. 2000); (ERISA qualified pension benefits were disposable income); *In re Sohn*, 300 B.R. 332 (Bankr. D. Minn. 2003) (earned income credit was

disposable income); *In re Talley*, 240 B.R. 22 (Bankr. D. Neb. 1999) (Social Security and deferred compensation plan payments were disposable income); *In re Hagel*, 171 B.R. 686 (Bankr. D. Mont. 1994) (Social Security disability benefits were disposable income). Of course, the debtor's expenses are still considered in arriving at the amount that is considered "disposable" for plan purposes. Exemptions are considered in determining whether a plan provides for a greater distribution to creditors than would occur under chapter 7, but this is a separate test for plan confirmation under 11 U.S.C. § 1325(a)(4). *See* KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, § 164.1 (3d ed. 2000 & Supp. 2004). The consideration of exemptions under one test does not mandate their incorporation in another test in another part of the statute. Also, excluding exempt income might disqualify a debtor from benefitting from chapter 13 protection if it could not be considered.

The inclusion of funds from an exempt asset does not unfairly burden the debtors. They could file a chapter 7 case and keep the entire proceeds. The "receivable" is in the form of cash, and the debtors in this case are not being required to liquidate assets that they would otherwise keep and use. Furthermore, including exempt funds in disposable income does not make exempt assets liable for debts, contrary to 11 U.S.C. § 522(c). As the court in *Koch*, 109 F.3d 1285, pointed out, chapter 13 is voluntary. However, the code defines the terms under which a debtor chooses to enter chapter 13. If the debtor chooses the protections and benefits of chapter 13, funds that come into the debtor's possession during the pendency of the plan may (we are not so prescient as to say "always must") be considered disposable income under 11 U.S.C. § 1325(b). Such is the case with this proposed plan.

The trustee's objection is sustained. The debtors shall have 30 days from the date of this

5

decision to propose an amended plan.  A separate order will be entered.

May 22, 2006

                                            Margaret Dee. McGarity
                                            U.S. Bankruptcy Judge